UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: ETHICON PHYSIOMESH
FLEXIBLE COMPOSITE
HERNIA MESH PRODUCTS
LIABILITY LITIGATION

MDL DOCKET NO. 2782
CIVIL ACTION NO.
1:17-MD-02782-RWS

This document relates to:

Richard Norman, Sr.
_____

_____

Civil Action No.:

## SHORT FORM COMPLAINT

Come now the Plaintiff(s) named below, and for their Complaint against the

Defendants named below, incorporate the Master Complaint in MDL No. 2782 by

reference.  Plaintiff(s) further show the court as follows:

1. Plaintiff Implanted with Physiomesh

   Richard Norman, Sr.
   _____

2. Plaintiffs Spouse (if applicable)

   N/A
   _____

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

   N/A
   _____

4. State of Residence and Citizenship of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Initial Complaint

   Richard Norman - Delaware

5. State of Residence and Citizenship at the Time of Implantation

   Delaware

6. District Court and Division in which personal jurisdiction and venue would be proper absent direct filing.

   District Court of Delaware

7. Defendants (Check Defendants against whom Complaint is made):

   ☑ A. Ethicon, Inc.

   ☑ B. Johnson & Johnson

8. Basis of Jurisdiction

   ☑ Diversity of Citizenship (28 U.S.C. § 1332(a))

   ☐ Other: _____

   A. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

      Paragraphs 11-13

B. Other allegations of jurisdiction  and venue:

9.

| Date(s) Plaintiff was Implanted with Physiomesh (list date of each implant surgery, where applicable, on separate line) | Hospital(s) where Plaintiff was implanted with Physiomesh (include City and State of Hospital) | Implanting Surgeon(s) |
|---|---|---|
| September 5, 2013 | Bayhealth Medical Center Milford memorial Hospital Milford, DE | Francisco J. Rodriguez, MD |
|  |  |  |

10. Counts in the Master Complaint brought by Plaintiff(s):

☐ Count I – Strict Product Liability – Defective Design

☐ Count II- Strict Product Liability- Failure to Warn

☐ Count III – Strict Product Liability – Manufacturing Defect

☑ Count IV- Negligence

☑ Count V – Consumer Protection Laws (Please identify applicable State Consumer Protection law(s) and state any additional facts and legal basis for application of State Consumer Protection law(s) in this case)

Delaware Consumer Protection Act: Del. Code Ann. Title 6, sections 2511 et seq. The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice. Defendants used deceptive acts or practices proscribed by the Act. Plaintiff used Physiomesh and suffered ascertainable losses as a result of Defendants' actions in violation of the Act.

☑ Count VI- Gross Negligence

☐ Count VII – Loss of Consortium

☑ Count VIII – Punitive Damages

☑ Count IX- Discovery Rule, Equitable Tolling/Estoppel (Please state any additional facts and legal basis for Discovery Rule and Tolling below)

Plaintiff, Richard Norman, underwent hernia repair surgery on September 5, 2013 and underwent a revision surgery on January 28, 2016.

Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

Breach of Express Warranty and Breach of Implied Warranty: As more fully discussed in the Master Long Form Complaint, Defendants represented to Plaintiff and Plaintiff's physicians that Physiomesh was a safe and effective product for use in hernia repairs.  Members of the consuming public, including Plaintiff and his physicians, were intended third party beneficiaries of defendants' representations and warranties. Under Del Code Ann. tit. 6 §§2-313-314 et seq., Defendant's express and implied warranties became the basis of the bargain by making affirmations of facts or promises that the hernia mesh would conform to these affirmations or promises when in fact they did not and were a direct and proximate cause of Plaintiff's injury. Additionally, the Physiomesh was not fit for the ordinary purpose for which such goods are used.

☑   Jury Trial is Demanded as to All Counts

☐   Jury Trial is NOT Demanded as to Any Count

Attorneys for Plaintiff(s)

/s/ M. Elizabeth Graham

Thomas V. Ayala (PA, 93130)
M. Elizabeth Graham (CA, 143085)
Stephanie E. Riley (DE, 5803)
Grant & Eisenhofer, P.A.
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
tayala@gelaw.com
egraham@gelaw.com
sriley@gelaw.com